### BULLOCH v. CAMP.

### No. 1588.

Court of Appeal of Louisiana. First Circuit.

May 8, 1936.

B. M. Miller, of Covington, for appellant.

Adrian D. Schwartz, of Covington, for appellee.

DORE, Judge.

This appeal was taken from a judgment dissolving in part a writ of sequestration.

Plaintiff, in his petition, alleges that he sold to defendant "all pine timber of saw log size, standing or down," situated on land described in his petition, for a stipulated price, payable in installments every two weeks, commencing two weeks after the said sale, with the condition that in the event of default by defendant in making any payments as agreed, that the said sale was to be null and void and plaintiff would have the right to take possession of said timber as his own property; that the defendant, operating a sawmill on or near the land, commenced cutting and manufacturing said timber into lumber, and has paid a certain portion of the said purchase price, but has failed to pay according to the tenor of the act of sale, there being due a balance of $168 on the purchase price of the said timber; that defendant has at hand at his sawmill, on or near the land, a lot of lumber that was manufactured from the logs and timber sold by him to defendant, and that he has a lien and privilege on said lumber as a furnisher of logs and also a vendor's lien on said lumber for the payment of the balance due him; he prays for a writ of sequestration directing the sheriff to sequester all of the lumber located at the sawmill, and also all the standing timber remaining on the land; he prays for judgment in the sum of $168, the annullment of the sale, and that he be decreed to be the owner of the standing timber remaining on said land; that the writ of sequestration be maintained; and that his lien and privilege on the lumber and the timber be recognized and enforced. Defendant filed

a motion to dissolve the writ of sequestration on the grounds (1) that plaintiff had no lien or privilege in law justifying a writ of sequestration; (2) that plaintiff had no claim as owner under the contract sued. On the day of trial, defendant amended section 1 of the rule by amplifying his first ground averring that plaintiff had no lien on the lumber seized; that such lien, if any had existed, was lost by confusion or merger due to the fact that the said manufactured lumber herein sought to be seized was obtained from various purchasers at various times. The district court rendered judgment sustaining the writ of sequestration in so far as it affected the standing timber remaining on the land, and dissolved it in all other respects; from which judgment plaintiff prosecutes this appeal. Defendant has answered the appeal, praying that the judgment be amended so as to sustain the motion to dissolve the writ in its entirety.

The evidence is to the effect that about three-fourths of the lumber seized had been manufactured from the timber sold by the plaintiff to the defendant and about one-fourth had been manufactured from timber purchased by defendant from another; the lumber was of the same quality and size and had been mixed and stacked together.

(1) The first question to be decided by this court is whether or not the plaintiff has any lien or privilege upon the lumber manufactured from timber or logs sold by plaintiff to defendant, when that lumber has been mingled with other lumber of a similar kind that has been manufactured from other timber or logs.

All privileges are stricti juris. Standing timber, by statute, in Louisiana is an immovable estate; and when severed or cut from the soil, it becomes a movable estate. Act No. 195 of 1912 grants to the vendor of timber a lien and privilege on the logs, but says nothing of the manufactured product, that is, lumber or other products derived therefrom. In the case of In re Pleasant Hill Lumber Co., 126 La. 743, 764, 52 So. 1010, 1017, the Supreme Court said: "The term 'log' is limited in its meaning. After it is converted into lumber, lumber does not include the logs." The logs or timber have completely lost their identity after being manufactured into lumber or into something else. The logs or timber have been converted into a new species of thing. To say otherwise, it would not have been necessary for the Legislature to grant to vendors of timber or logs a lien and privilege on telephone, telegraph poles or crossties, as provided for by section 1 of Act No. 195 of 1912; and since the Legislature has not seen fit to include lumber therein, it is beyond our power to extend that privilege to the lumber into which the logs or timber have been manufactured.

Furthermore, there is involved the question of loss of identity of the form of of the thing sold; it is positively proven that not only have the timber or logs been changed into boards or lumber, but that the lumber has become mixed and stacked with other such lumber of similar quality manufactured from logs purchased from another party and that it is now impossible to identify which comes from which. Let it be remembered, however, that the plaintiff sold an immovable property; he is now seeking a vendor's lien on movable property, and contends that the Constitution of this state grants him a lien and privilege, of right, for the payment of the purchase price; he also contends that the Civil Code provides for a lien and privilege to secure the unpaid portion of the price. Yet throughout the enforcement of this lien and privilege the necessity of identification of the thing itself in its original form is required. Plaintiff admits in his brief that the thing sold cannot be identified in its original form, and further admits that the lumber manufactured from the timber or logs cannot be identified. He contends, however, that it would be an easy matter to set aside one-fourth of the lumber as that coming from the other logs or timber. In answer to that, we say that in that one-fourth there may be boards or lumber coming from the timber which he sold? This cannot be done. Sufficient enough to say, however, we are fully satisfied that the thing sold has lost its identity as to form. We are therefore of the opinion that the lower court has correctly rejected the privilege claimed on the lumber and that the sequestration in so far as it applies to the lumber was properly dissolved.

(2) As to the timber remaining on the land, plaintiff claims the same under a default of payment clause said to be contained in the act of sale. There is no evidence in the record to justify us to pass upon the ownership of the standing timber; the purported act of sale was not introduced in evidence, and without it before us, we are unable to construe any of its clauses. Both are claiming the ownership of the

standing timber; one seems to have no more right of possession pending the suit than the other; and, in accordance with article 274 of the Code of Practice, the district judge correctly held the same under sequestration until the question of ownership is finally decided.

For these reasons, the judgment herein appealed from is affirmed.

JOHNSON, Judge.

I concur in the conclusions that the lien on the lumber in favor of the plaintiff was destroyed by confusion. I disagree with reasoning that vendor's lien and privilege was destroyed by converting logs into lumber.

OTT, J., recused.