GLADNEY, Judge.
James F. Robinson brought this suit against the defendant, O. C. Sikes, to recover $226.52, allegedly due for pine and hardwood logs cut, hauled and delivered to defendant’s sawmill in Sabine Parish, Louisiana. He also claimed a lien and privilege under LSA-R.S. 9:4621 on the lumber manufactured from said logs and caused to be seized under a writ of provisional seizure some 14,000 board feet of pine lumber situated on the property of E. A. Hubier. Thereupon Hubier intervened to assert ownership and possession of the pine lumber so seized and to deny plaintiff’s entitlement to a.lien and privilege. Defendant answered by way of general denial.
After trial there was judgment in favor of plaintiff condemning defendant to pay the amount claimed. The decree maintained the intervention and third opposition of Hubier, recognized his ownership of the lumber seized and recalled and set aside the writ of provisional seizure. From this judgment plaintiff has appealed.
The record reflects that plaintiff sold and delivered to the defendant 2,877 board feet of pine logs at a price of $45 per thousand feet, and 3,234 feet of hardwood logs at a price of $30 per thousand feet. Judgment against defendant for this unpaid amount is correct and inquiry therein is foreclosed inasmuch as defendant has not appealed therefrom.
During the examination of plaintiff he testified repeatedly that he was paid by Sikes for the work performed but not for his stumpage. He testified:
“Well, he gave me this check on the 13th of July for $214.84 — he paid me for my work and give (sic) me this check for stumpage and then on the 5th of August he give (sic) me another check for $133.65 to pay for stumpage. He paid me for my work, all right, but he owed me this other.
******
“Yes, he paid me for the first two payments for the labor but gave me these checks for the stumpage * * *.
V ijt íjí
“dGave me checks for the stumpage that were no good.”
‡ ❖ ‡ * * *
“Yes, for the stumpage and we hold the checks now.”
Accordingly, it is very clear that plaintiff’s claim was for the logs delivered to defendant’s mill and upon this claim only does he base his privilege under the above statute.
So far as apropos LSA-R.S. 9:4621 and LRA-R.S. 9:4622 provide:
LSA-R.S. 9:4621.
“The debts which are privileged on logs and on products manufactured therefrom, are the following:
“(1) The debt due any land owner or stumpage owner for the price on the logs sold and on the poles and cross ties manufactured therefrom.
jJ: ‡
“(3) The debt due any person for the price of his labor or services in deadening, cutting, loading, or transporting any logs, staves, poles, or cross ties, or in manufacturing poles, cross ties, lumber, staves, hoops, boxes, shingles, doors, blinds, or window sashes as well as the debt due any person cooking for persons so engaged, on the logs and on the poles, ties, lumber, other manufactured products.”
LSA-R.S. 9:4622.
“The privileges conferred by R.S. 9:4621 are effective for a period of ninety days from the maturity of the debt. These privileges may be enforced by the writ of provisional seizure and they are concurrent. However, they have not effect against a bona fide purchaser to whom possession has been delivered and for which the purchase price has been paid with *437 out previous notice to the purchaser of the existence of the privilege. In no event shall the seizing officer seize more than is sufficient to satisfy the claim and all probable costs.”
The above statute was construed in Bulloch v. Camp, La.App.1936, 167 So. 839. At that time the statute had been amended by Act 195 of 1912. In the cited case the court stated, 167 So. at page 840:
“The first question to be decided by this court is whether or not the plaintiff has any lien of privilege upon the lumber manufactured from timber or logs sold by plaintiff to defendant, when that lumber has been mingled with other lumber of a similar kind that has been manufactured from other timber or logs.
“All privileges are stricti juris. 'Standing timber, by statute, in Louisiana is an immovable estate p and when severed or cut from the soil, it becomes a movable estate. Act No. 195 of 1912 ■grants to the vendor of timber a lien and privilege on the logs, but says nothing of the manufactured product, that is, lumber or other products derived therefrom. In the case of In re Pleasant Hill Lumber Co., 126 La. 743, 764, 52 So. 1010, 1017, the Supreme Court said: The term “log” is limited to its meaning. After it is converted into lumber, lumber does not include the logs.’ The logs or timber have completely lost their identity after being manufactured into lumber or into something else. The logs or timber have been converted into a new species of thing. To say otherwise^ it would not have been necessary for the Legislature to grant to vendors of timber or logs a lien and privilege on telephone, telegraph poles or crossr ties, as provided for by section 1 of .Act No. 195 of 1912; and since the Legislature has not seen fit to include lumber therein, it is beyond our power :to extend that privilege to the lumber into which the logs or timber have been manufactured.”
We think the foregoing authority sufficient to dispose of plaintiff’s right to a lien on the lumber seized. However, inter-venor urges two other defenses which we deem worthy of consideration. Hubier testified that he had no notice of plaintiff’s claim of privilege until thirty days after he had purchased the lumber and had transported it from the Sikes mill to Converse. Counsel assert that LSA-R.S. 9:4622 does not extend the privilege against the bona fide purchaser without previous notice to the purchaser of the existence of the privilege. The record does not clearly establish that Mr. Hubier was not advised of the claim of Robinson. In fact, Robinson testified he went to Hubier and told him it was his lumber and he did not want it hauled away until he was paid his claim and that he told Hubier that he would have it attached. We have some doubt therefore, that the intervenor has sufficiently proved that he was a purchaser without notice of the lien. However, as previously stated, we do not think in this instance the lien claimed extends to lumber.
The further contention made by inter-venor is that the seized lumber was not manufactured from Robinson’s logs. Sikes testified the hardwood lumber cut from Robinson’s logs was delivered to Richardson and Iioagland and he sold three loads cut out of Robinson’s pine logs to the Haden Brothers at Leesville. Robinson, however, testified .that he kept close watch on his logs and followed .the lumber cut therefrom into intervenor’s possession. The testimonial conflict is not easily resolved, although we doubt the complete accuracy of Robinson’s testimony. However, we think the question has been determined by our holding that Robinson had no privilege on the lumber cut from his logs.
It follows, therefore, that the judgment from which appealed . should be affirmed at plaintiff’s cost.,